IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY KEACH,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 13-0038-WS-C |
| | ) | |
| **RODNEY A. POOLE, et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

**ORDER**

    This action was removed on the basis of diversity of citizenship by defendant Armory Capital Mobile I, LLC ("Armory Mobile"). (Doc. 1). "A removing defendant bears the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotes omitted); *accord Friedman v. New York Life Insurance Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).

    "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted). Thus, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The Court questions both the existence of complete diversity of citizenship and the existence of the requisite amount in controversy.

### A.  Diversity of Citizenship.

The complaint does not allege the plaintiff's citizenship.  Armory Mobile suggests that he may be a Tennessee citizen, based on a December 2012 letter from counsel for non-party Compass Bank that indicates one of the recipients as the plaintiff at a Murfreesboro address.  (Doc. 1, Exhibit A at 20).  Armory Mobile has not demonstrated that a party's citizenship can be established for jurisdictional purposes by so slender a reed.

Armory Mobile asserts that co-defendant Rodney Poole is a citizen of Illinois, based on an allegation in the complaint that he "is a resident of Illinois." (Doc. 1, Exhibit A at 12).  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  An allegation of residence but not citizenship exposes a complaint to dismissal for want of subject matter jurisdiction.  *Beavers v. A.O. Smith Electrical Products Co.*, 265 Fed. Appx. 772, 778 (11th Cir. 2008).

Armory Mobile is a limited liability company.  (Doc. 1, Exhibit B at 1).  For purposes of assessing diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen."  *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."  *Id*.

Armory Mobile identifies its two members as a trust and a limited liability company ("Armory Capital").  (Doc. 1, Exhibit B at 1-2).  Armory Mobile provides an affidavit for the proposition that "[a]ll members of [Armory Capital] are resident citizens of Illinois," (*id*. at 2), but without identifying the nature of the members, the Court cannot accept this assertion at face value.  As to any member of Armory Capital that is itself a limited liability company or other unincorporated entity, Armory Mobile must establish the citizenship of each of its members, and as to any member of Armory Capital that is a

corporation, Armory Mobile must establish its place of incorporation and principal place of business.  28 U.S.C. § 1332(c)(3).  General assurances of the citizenship of an artificial entity, unaccompanied by such detail, are insufficient.

As to the trust, Armory Mobile's proffered affidavit states only that the trustee is a citizen of Illinois and that "[n]o beneficiary of the trust is a resident or citizen of Alabama or Tennessee."  (Doc. 1, Exhibit B at 2).  Citizenship of the trust presumably is based on the citizenship of either the trustee or the beneficiaries,[1] but Armory Mobile has not satisfactorily shown the citizenship of the beneficiaries because it has not shown that none of the beneficiaries is an artificial entity, the citizenship of which must be evaluated as discussed above.

### B.  Amount in Controversy.

The complaint demands compensatory and punitive damages, but it does not specify an amount sought.  "[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement."  *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was

---

[1] *See generally U.S. Bank National Association v. Cooperative District*, 2011 WL 4499309 (S.D. Ala. 2011).

removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Armory Mobile relies on the first avenue.

The complaint alleges in Count One that defendant Poole has breached his fiduciary duties by not paying off a construction loan as to which the plaintiff has provided a guaranty. The unpaid portion of the loan exceeds $1.6 million. But the complaint does not allege that the plaintiff has been required to pay this amount under his guaranty, or even that he has been requested to do so by the lender. Instead, the complaint alleges that Poole's conduct has placed the plaintiff "at risk" of being required to make good on his guaranty. (Doc. 1, Exhibit A at 15). Apparently no pecuniary loss has yet occurred, as the complaint alleges that Poole's conduct "may cause financial injury to Plaintiff Keach in the future." (*Id.*). Armory Mobile emphasizes the plaintiff's potential loss, (Doc. 1 at 7), but it has explained neither how the plaintiff can be seeking recovery for a loss he has not incurred nor how the risk of experiencing such a loss should be valued for jurisdictional purposes.[2]

In Count Two, the complaint alleges that Poole, Armory Mobile and several fictitious defendants acted in concert to "squeeze out" the plaintiff (and the entities in which he shares ownership interest) from their interest in the construction project. (Doc. 1, Exhibit A at 16). The conduct resulting in this pressure is the same withholding of payment to the construction lender made the basis of Count One. (*Id.* at 13-14). There is no allegation that the plaintiff has in fact been squeezed out and no allegation that the value of his holdings has declined due to the threat. Again, Armory Mobile has not explained how the plaintiff can be seeking recovery for losses he has not incurred or how the risk of experiencing such a loss should be evaluated for jurisdictional purposes.

---

[2] Because the plaintiff has not requested a declaration that he is not required to satisfy the debt, Armory Mobile cannot look to the value to the plaintiff (potentially $1.6 million) of such a declaration as establishing the amount in controversy. *See generally Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (en banc) (the amount in controversy in a declaratory judgment action "is the monetary value of the benefit that would flow to the plaintiff if the [declaratory relief] were granted").

4

The complaint demands recovery of compensatory damages, but the only such damage it alleges as having been sustained is to the plaintiff's "professional reputation." (Doc. 1, Exhibit A at 15). Again, Armory Mobile has not addressed how that element of damage should be valued for jurisdictional purposes; certainly the complaint does not quantify it or give guidance as to the magnitude of the alleged loss.

Armory Mobile emphasizes that the complaint also demands punitive damages, but this is not particularly helpful absent a demonstration – as yet lacking – that substantial compensatory damages are in controversy and that the alleged conduct is sufficiently egregious to allow prediction that the amount of punitive damages in controversy is sufficient to make up the difference. *See Lambeth v. Peterbilt Motors Co.*, 2012 WL 1712692 at *4 (S.D. Ala. 2012) ("[T]here is nothing talismanic about such a demand [for punitive damages] that would *per se* satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction."); *SUA Insurance Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1255 (S.D. Ala. 2010) ("The Court is not free simply to assume, as SUA does, that the Whites are likely to be awarded substantial punitive damages against Classic.").[3]

Finally, Armory Mobile suggests the Court aggregate the damages sought under Count One with those under Count Two. (Doc. 1 at 8). "In general, to satisfy the jurisdictional amount a plaintiff's claims against a defendant may be aggregated. [citation omitted] However, if these claims are alternative bases of recovery for the same harm under state law, [the plaintiff] could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy." *Classic Home Builders*, 751 F. Supp. 2d at 1252 (internal quotes omitted). Armory Mobile has not addressed this principle. Nor has it shown that aggregation, if permissible here, would satisfy the amount in controversy requirement.

---

[3] In *Rogers v. Hartford Life and Accident Insurance Co.*, 2012 WL 887482 (S.D. Ala. 2012), on which Armory Mobile relies, the complaint demanded $51,000 in unpaid insurance benefits, plus an unspecified additional amount for other financial loss and emotional distress, in addition to punitive damages against an insurer for fraud. *Id.* at *1 n.1. Armory Mobile has not shown this case to be comparable to *Rogers*.

Armory Mobile correctly notes that "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). But merely opining that, "through the prism of the undersigned's experience and common sense," more than $75,000 is in controversy, (Doc. 1 at 7 n.3), does not substitute for an actual application of experience and common sense.

For the reasons set forth above, Armory Mobile is **ordered** to file and serve, on or before **February 14, 2013**, whatever supplemental material it deems appropriate and adequate to carry its burden of demonstrating the existence of subject matter jurisdiction. The plaintiff is **ordered** to file and serve his response on or before **February 21, 2013**. The Court will take under submission the issue of its subject matter jurisdiction on February 21, 2013.[4]

DONE and ORDERED this 5th day of February, 2013.

> s/ WILLIAM H. STEELE
> CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Armory Capital has filed a motion to dismiss or, in the alternative, to transfer. (Doc. 3). Should the Court determine that subject matter jurisdiction exists, it will then enter a briefing schedule concerning this motion.