IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY KEACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 13-0038-WS-C |
| | ) | |
| RODNEY A. POOLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on its sua sponte review of its subject matter jurisdiction.  After reviewing the file, the Court concluded that the removing defendant ("Armory Mobile") had failed to establish under the requisite standard either the complete diversity of the parties' citizenship or the amount in controversy.  (Doc. 10).  The parties were ordered to further address the jurisdictional issue, and they have done so.  (Docs. 11, 12).

The material presented by the parties satisfies the Court that the parties are of completely diverse citizenship.  Armory Mobile has not, however, demonstrated by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

The complaint alleges that non-party NCM contracted with non-party TDK (of which the plaintiff is CEO) to construct an apartment complex.  To finance the project, NCM procured a construction loan from Compass Bank ("Compass") of almost $17 million, with the plaintiff serving as a guarantor.  TDK completed the work, but defendant Poole contrived for NCM to withhold payment of the final $1.6 million due TDK.  TDK responded by filing a verified statement of lien in probate court.  Compass notified the plaintiff of its intention to declare an event of default, based on the lien, and

it reminded the plaintiff of its right to make demand on the plaintiff for payment under his guaranty.  (Doc. 1, Exhibit A at 12-14).

Count One alleges that Poole breached his fiduciary duties to the plaintiff.  It alleges that Poole's conduct "has damaged the professional reputation of Plaintiff Keach and may cause financial injury in the future."  (Doc. 1, Exhibit A at 15).  The complaint makes clear that, while Compass has announced its intention to declare the construction loan in default, it has not done so.  Nor has Compass made demand on the plaintiff to honor his guaranty.  (*Id*. at 14).  Thus, as the Court pointed out in its previous order, the only alleged damage the plaintiff has experienced is to his business reputation.

Count Two alleges that Poole and Armory Mobile conspired to put financial pressure on the plaintiff (primarily by withholding payment to TDK) so that the plaintiff would relinquish his interests in NCM and other entities at a reduced price.  (Doc. 1, Exhibit A at 15-16).   As the Court previously pointed out, there is no allegation that the plaintiff has in fact been squeezed out and no allegation that the value of his holdings has declined due to the threat.

As the Court previously noted, the complaint does not quantify the plaintiff's loss of business reputation or give guidance how it might be calculated, leaving the amount of such loss impermissibly speculative.  Armory Mobile seeks to fill the gap by citing to a 2009 jury verdict in this District, *Weller v. Finger*, CV-08-240-CG.  The plaintiff in *Weller* asserted a claim for slander per se under Georgia law, as to which "the plaintiff is entitled to presumed damages without the usual requirement of proving actual damages such as impairment to reputation …."[1]  The plaintiff also sought damages for mental anguish.[2]  The plaintiff claimed that the defendant (a former business partner) told third parties that he (the plaintiff) had stolen the defendant's business enterprise; that the plaintiff would try to steal the third party's business secrets; that the plaintiff had

---

[1] (Doc. 134 at 6).

[2] (Doc. 134 at 7).

defrauded the federal government; and that the plaintiff had a bad reputation in the business community.[3]  The jury awarded $100,000 in compensatory damages.[4]  Armory Mobile concludes that this verdict "demonstrates that jurors in the Southern District of Alabama recognize the importance and value of a good reputation in the business community." (Doc. 11 at 13).

As noted in an opinion of the Court cited by Armory Mobile, the weight, if any, to be afforded results in other cases is open to question.  At a minimum, "[o]ther verdicts are certainly inadequate to carry a removing defendant's burden when the defendant fails to provide details about the facts of the other cases, or when there is no specific detail about the present action, or both." *Hill v. Toys "R" Us, Inc.*, 2010 WL 3834532 at *2 (S.D. Ala. 2010) (internal quotes omitted).  "In such a situation, there is insufficient information to allow a comparison between the other cases and the removed case, and thus a court cannot possibly ascertain how similar the current action is to those the defendants cite." *Id*. (internal quotes omitted).

There is plenty of information about *Weller*, but all of it shows how dissimilar that case is from this one.  First, the plaintiff in *Weller* alleged egregious, explicit, facially offensive defamatory statements, while here the plaintiff relies only on a failure to pay money; the mechanism by which this failure translated into loss of business reputation is unexplained but obviously indirect.[5]  Second, the plaintiff in *Weller* could be awarded substantial compensatory damages without any proof of loss of business reputation, while

---

[3] (Doc. 1 at 3).

[4] (Doc. 149 at 3).

[5] The Court's best guess:  failure to pay resulted in filing a lien, which third parties might notice and from which they might conclude that the plaintiff's firm was unpaid due to problems with its performance, which they might consider in evaluating the plaintiff personally.  Or perhaps the failure to pay the final 10% of the contract price negatively impacted the firm's ability to pay subcontractors or suppliers (even though the final payment usually represents profit), causing them to doubt the firm's ability to pay future bills and/or the plaintiff's intent to pay.

here (as far as has been shown) the plaintiff can recover only to the extent he can prove actual loss of business reputation.  Third, the plaintiff in *Weller* sought additional damages for emotional distress, while here there has been no showing that the plaintiff seeks such damages (nor any showing what such a demand might place in controversy).  Fourth, despite all these huge advantages over the plaintiff's case here, the *Weller* plaintiff recovered only $100,000 in compensatory damages.[6]  *Weller* does not predict a large recovery here for loss of reputation; on the contrary, it suggests a modest though still speculative award.

As the Court pointed out in its previous order, the remainder of the plaintiff's damages are potential future damages, not actual damages arising prior to removal.  Although invited to do so, Armory Mobile "has not explained how the plaintiff can be seeking recovery for losses he has not incurred or how the risk of experiencing such a loss should be evaluated for jurisdictional purposes."  (Doc. 10 at 4).  Instead, Armory Mobile makes only the correct but unhelpful observation that, should Compass eventually demand the plaintiff to satisfy his guaranty, he would then face losses exceeding $75,000.  (Doc. 11 at 11).  Having failed to address how this possible future damage should be valued for determining the amount in controversy on the date of removal, Armory Mobile cannot be credited with any such value in its effort to meet its burden of demonstrating the existence of subject matter jurisdiction.

That leaves Armory Mobile to rely on the complaint's demand for punitive damages.  As the Court previously noted, "this is not particularly helpful absent a demonstration … that substantial compensatory damages are in controversy and that the alleged conduct is sufficiently egregious to allow prediction that the amount of punitive damages in controversy is sufficient to make up the difference."  (Doc. 10 at 5).  Armory Mobile relies on the award of punitive damages in *Weller*, (Doc. 11 at 14), but as discussed above the facts of *Weller* are too far removed from those of this case to serve as a harbinger.

---

[6] Armory Mobile reports an award of $300,000 in compensatory damages, but that was the award of punitive damages.

One thing more. Although the plaintiff "does not dispute that the amount in controversy exceeds $75,000.00 exclusive of interest and costs," (Doc. 12 at 1), he offers no explanation how the Court could conscientiously reach that conclusion. As "[s]ubject matter jurisdiction … cannot be created by the consent of the parties," *Morrison v. Allstate Indemnity Co.*, 228 F.3d 11255, 1261 (11th Cir. 2000), the plaintiff's acquiescence is immaterial to the jurisdictional inquiry.

For the reasons set forth above, this case is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 26th day of February, 2013.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE